## Trofimuk v. Pennsylvania Interscholastic Athletic Association

*Saul J. Bernstein,* for plaintiffs.
*William M. Young, Jr.,* for defendants.

DILLON, *J.,* September 19, 1978—Plaintiff, Mark Trofimuk, is a senior at Knoch High School. He attained the age of 19 on August 24, 1978. His being 19 years of age in his senior year is the result of grade repetition, caused by illness and the improper diagnosis of a vision problem which caused his educational progress to be delayed, all of which occurred through no fault of his or his parents.

Article I, sec. 1, of the by-laws of the Pennsylvania Interscholastic Athletic Association is as follows:

"A pupil shall be ineligible for interscholastic athletic competition upon attaining the age of nineteen years, with the following exception:

"A. If the age of 19 is attained on or after September 1st, the pupil shall be eligible to compete through that school year."

Under this rule Mark is, therefore, ineligible to compete in athletics for the 1978-79 school year. He had been on the football and track teams.

The Western Pennsylvania Interscholastic Athlete League was requested to issue a waiver in Mark's case and they referred the matter to the PIAA.

Under date of July 27, 1978, the principal at Knoch High School was advised by letter that Mark Trofimuk would not be eligible to participate in the Knoch interscholastic athletic program during the 1978-79 school year. The salient passage in this letter is as follows: " . . . the P.I.A.A. Board ruled that there would be no extension of eligibility due to age. At this writing there have been no exceptions granted to the P.I.A.A. Constitution for age." This decision was conveyed to Mark's father by letter of August 7, 1978.

Thereafter, this action in equity was instituted by Mark Trofimuk. He seeks an injunction restraining defendants, the PIAA and South Butler County School District, from enforcing the by-law and requiring defendants to permit Mark to participate in the Knoch High School athletic program.

A rule to show cause was granted on defendants and a hearing held September 15, 1978.

In Harrisburg School District v. Pennsylvania Interscholastic Athletic Association, 453 Pa. 495, 502, 309 A. 2d 353 (1973), the Supreme Court had this to say concerning judicial interference in the affairs of private associations:

" . . . Our reading . . . indicates that such interference is appropriate only under limited circumstances, as where the private association has deprived a member or prospective member of substantial economic or professional advantages or fundamental constitutional rights. We believe

that the general rule with respect to high school athletic associations, insofar as it has been enunciated, is one of judicial non-interference unless the action complained of is fraudulent, an invasion of property or pecuniary rights, or capricious or arbitrary discrimination." In addition, the court stated: "Alongside the general rule of judicial non-interference in the affairs of private associations stands our unwillingness to involve this Court in controversies of questionable urgency."

The claimed irreparable loss to Mark Trofimuk is that he will virtually lose the opportunity of securing a football scholarship and will suffer irreparable loss and harm to his opportunity to a college education. This court characterizes that claim as one of questionable urgency.

The testimony at the hearing reveals that every state in the union has similar high school athletic associations. A very exhaustive and learned opinion by the Supreme Court of Missouri has been brought to this court's attention. The citation of this case is State ex rel. Missouri State High School Activities Association v. Schoenlaub, 507 S.W. 2d 354 (Mo. Sup. Ct. 1974). Missouri has the same 19-year-old restriction as the PIAA. In that case, it was pointed out that:

"(2) A high school student's eligibility to participate in interscholastic athletics is a mere 'privilege' and does not rise to the level of a constitutional, contract, property or pecuniary right;

"(3) The mere speculative possibility that plaintiffs herein may acquire a football scholarship to a college or university does not rise to the level of a property, contract, or pecuniary right to the same."

The contention that the age standard rule of the association is unreasonable, arbitrary, and unfair finds this answer in the Missouri case: "The record indicates that the age rule was adopted because of a belief by the member school officials that, (1) the use of older athletes constituted a danger to the health and safety of the younger ones . . . " The record indicates that is the reason for the Pennsylvania rule.

The Missouri court also disposes of the argument that the student may possibly lose an athletic scholarship on account of this age restriction in participating in high school athletics. This language from page 359 is particularly appropriate:

" ' . . . this court may not interfere to protect a "property right" as speculative and uncertain as the chance of receiving a college athletic scholarship. Further, it is the opinion of the Court, that the participation in interscholastic athletics is not a property right at all, but is a privilege which the school, or a voluntary association whose rules a school agrees to follow, may withdraw if the student fails to qualify for the privilege.' "

The Missouri Supreme Court concluded by stating: "It is our view, in accord with the foregoing authorities, that the enforcement of a valid eligibility rule which may have deprived these students of athletic scholarships is not a taking of property 'contrary to law'. " A number of other states have reached the same conclusion.

The PIAA has been adamant in this position of denying any exceptions to its eligibility rule in use of 19-year-old students. The rule is a very old one. Schools and coaches have abided by it.

This court sees no reason why the athlete who has

made the squad should now be bumped by someone who wishes this court to grant an exception to the rule. Hence this decree.

## DECREE

Now, September 19, 1978, in conformance with the foregoing memorandum opinion, the rule is discharged, the prayer for relief is refused, and the petition for injunctive relief is dismissed.

Costs on plaintiff.